UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 1 4 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

VERNICE HEADEN, )
)
     Plaintiff, )
)
v. ) Civil Action No. 10-784
)
WASHINGTON METROPOLITAN AREA, )
TRANSIT AUTHORITY, )
)
     Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's *pro se* complaint and response to the May 14, 2010 Memorandum and Order Staying Case.

Plaintiff has alleged that she was disciplined and ultimately terminated from her employment with the Washington Metropolitan Area Transit Authority ("WMATA"), and she brings claims of "Retaliation, Discrimination, Defamation of Character, Wrongful Termination, Emotional Distress and Hostile Work Environment." Compl. at 6 (page number designated by the Court). The Court presumed that plaintiff brings this action under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000 *et seq.*, as amended, and stayed this action pending plaintiff's submission of a right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e)(1) and § 2000e-5(f)(1).

Plaintiff's sole submission in response to the May 14, 2010 Order is a copy of correspondence dated October 13, 2006 from WMATA's Office of Civil Rights acknowledging receipt of plaintiff's August 31, 2006 written allegation of sexual harassment by a co-worker. Nothing in this letter suggests that plaintiff pursued a claim before the EEOC, notwithstanding the



requirement that a Title VII plaintiff exhaust her administrative remedies by pursuing a claim with the EEOC before filing suit in district court. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). However, the Court will allow this action to proceed at this stage, both in light of plaintiff's *pro se* status and defendant's option to present exhaustion of administrative remedies as an affirmative defense. *See Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (stating that untimely exhaustion of administrative remedies is an affirmative defense, and the defendant bears the burden of pleading and proving it); *Carty v. District of Columbia*, No. 09-1238, 2010 WL 1172583, at *1 (D.D.C. Mar. 29, 2010); *Perry v. U.S. Dep't of State*, 669 F. Supp. 2d 60, 65 (D.D.C. 2009).

Accordingly, it is hereby

ORDERED that the stay entered on May 14, 2010 is LIFTED; it is further

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. #2] is GRANTED; it is further

ORDERED that plaintiff's motion to appoint counsel [Dkt. #3] is DENIED WITHOUT PREJUDICE to re-filing at a later date; and it is further

ORDERED that plaintiff's motion to use a post office box [Dkt. #4] as a mailing address is GRANTED.

SO ORDERED.

_____
United States District Judge

DATE: July 16, 2010