## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
**VERNICE HEADEN,**                               )
                                                  )
   **Plaintiff,**                   )
                                                  )
   **v.**                           ) **Civil Action No. 10-0784 (ESH)**
                                                  )
**WASHINGTON METROPOLITAN**                       )
**AREA TRANSIT AUTHORITY,**                        )
                                                  )
   **Defendant.**                   )
_____  )

## <u>MEMORANDUM OPINION</u>

 Plaintiff Vernice Headen, proceeding *pro se*, has sued defendant Washington Metropolitan Area Transit Authority ("WMATA") for retaliation, discrimination, defamation, wrongful termination, emotional distress, and hostile work environment.[1]  Before the Court is WMATA's motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Having reviewed the complaint, the memoranda filed by the parties, and applicable case law, the Court will grant defendant's motion and dismiss plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

 Plaintiff was employed as a traffic clerk at WMATA.  (Compl. at 2.)  In the fall of 2006, she alleges that she informed "The Department of Civil Rights within WMATA" that her

---

[1] Plaintiff asserts that her complaint is "based off of 42 USC Section 1983" (Compl. at 1), but she also states that the relief she requests includes "Retaliation," "Discrimination," and "Hostile Work Environment" (*id.* at 6-7), suggesting that she is also making claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (*See* Order, May 14, 2010 ("The Court presumes that plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*).)

supervisor had "position[ed] his crouch [sic] in her face" on three occasions and that another traffic clerk made unwanted sexual comments to her. (*Id.* at 2.) Plaintiff contends that the situation was investigated in October 2006. (*Id.*) However, she alleges that although assistant managers met with her and another employee regarding the harassment, there was no meeting with the managers, plaintiff, and the supervisor whom she had accused. (*Id.*) She alleges that on October 13, 2006, she received a letter from the "Director of Civil Rights at WMATA," stating that her allegations did not fall within the purview of WMATA's non-discrimination policy and that WMATA was unable to substantiate her allegations. (*Id.*)

On March 4, 2008, plaintiff alleges that she was suspended from work for one week for failure to follow rules and insubordination. (*Id.*) She alleges that the punishment she received for her violations is at odds with the December 2007 traffic clerk manual; plaintiff maintains that according to the reprimand chart in the manual, she should have received a written warning only. (*Id.* at 3.) On April 25, 2008, plaintiff alleges that the Acting Assistant Manager informed the Director of the Employee Assistance Program ("EAP") that plaintiff was "psychologically imbalanced and unable to continue work for WMATA." (*Id.*) Plaintiff states that she was subsequently evaluated and cleared to return to work by the EAP, but that the Acting Assistant Manager stated that he did not agree with the assessment and wanted plaintiff to receive an independent psychological evaluation, with plaintiff bearing the $2,600.00 cost, before WMATA would pay her for the week during which she was suspended. (*Id.*) Plaintiff's complaint does not state whether the evaluation occurred.

Plaintiff alleges that on May 22, 2008, she was "threatened" by the supervisor whom she accused of harassment with a post-incident drug test for not including her name on a form. (*Id.*) Plaintiff claims this same supervisor then sent her home for asking to take a break and to use the

restroom, telling her that she would never be allowed to use the restroom while working at WMATA. (*Id.*) In June 4, 2008, plaintiff was terminated from employment with WMATA. (*Id.*) Plaintiff claims that the dismissal letter she received did not state the grounds for her termination, but only lists a series of incidents which plaintiff "supposedly had done." (*Id.* at 3-4.) Plaintiff claims she had not been given any form of "progressive" discipline as required by the traffic clerk manual, and that the Acting Assistant Manager admitted as much in "sworn" testimony in December 2008. (*Id.* at 4.) Plaintiff also claims that the list of incidents in the termination letter had been compiled by the Acting Assistant Manager while he was not in management capacity. (*Id.*)

Plaintiff also claims that she received investigation reports from the aforementioned supervisor in someone else's handwriting. (*Id.*) Plaintiff states that when she complained about the different handwriting to management, she was told that it "did not matter who wrote the information" so long as the form had been completed and signed by her supervisor. (*Id.*) Plaintiff next claims that her supervisor gave her "misleading directives" that required her to violate WMATA policy. (*Id.*) Plaintiff maintains that her supervisor threatened her with a reprimand for insubordination to force her to follow the "directives," despite the fact that by following the directives, she faced punishment for violating WMATA policies. (*Id.*)

Based on the above allegations, plaintiff seeks "back pay from the date of termination until the case is settled." (*Id.* at 6.) She also requests punitive damages and other damages related to her claims for retaliation, discrimination, defamation, and emotional distress. (*Id.* at 6-7.) She filed her complaint on May 14, 2010. On that day, this Court issued a Memorandum and Order Staying the Case, requiring plaintiff to produce a right to sue letter indicating a final determination of plaintiff's charge. (Mem. & Order, May 14, 2010, at 2.)

On June 10, 2010, plaintiff filed a response to the Court's Order, attaching what she claimed was the only information she had received from defendant regarding her case. (Pl. Resp. to Court Order, June 10, 2010.) Plaintiff claimed that the attached "is the only information that [she] received from WMATA informing [her] that the Equal Employment Opportunity Commission would be notified of the complaint." (*Id.*) However, the only attachment was the October 13, 2006 letter, referenced above, from defendant to plaintiff, stating that the Office of Civil Rights acknowledged her allegations of sexual harassment and noting the meeting plaintiff had with an EEO & Dispute Resolution Officer. (*Id.*, Ex. A.) Although the letter states that the author would forward a copy to an Employee Relations Officer at WMATA, there is no suggestion that the letter would be sent to the EEO or that an EEO complaint was being filed. (*Id.*)

On July 14, 2010, the Court[2] issued a second Memorandum Opinion, noting that although nothing in the response plaintiff submitted suggests that plaintiff had filed a claim before the EEOC, the Court would allow plaintiff's complaint to proceed. (Mem. Op. July 14, 2010, at 1-2.) The Court based its decision on plaintiff's *pro se* status and the ability of defendant to plead failure to exhaust as an affirmative defense. (*Id.* at 2.) The stay was lifted, and WMATA subsequently filed its motion to dismiss. Defendant argues that WMATA is not subject to a lawsuit under 42 U.S.C. § 1983 and that plaintiff failed to exhaust her administrative remedies before the EEOC before filing her complaint. (Mem. of P. & A. in Supp. of Def. WMATA's Mot. to Dismiss ["Def.'s Mem."] at 2-3.)

---

[2] The Court's July 14, 2010 Memorandum Opinion was issued by Judge Kollar-Kotelly. (Mem. Op., July 14, 2010.) This case was transferred to the undersigned thereafter.

**ANALYSIS**

**I.      STANDARD OF REVIEW**

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Marsoun v. United States,* 591 F. Supp. 2d 41, 43 (D.D.C. 2008) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *see also Atherton v. Dist. of Columbia Office of Mayor,* 567 F.3d 672, 681 (D.C. Cir. 2009) ("'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.'") (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). "In determining whether a complaint fails to state a claim [under Rule 12(b)(6) ], [courts] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). Nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ( "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## II.    FEDERAL CLAIMS

Although plaintiff makes multiple claims against WMATA, her only reference to a federal statute is her claim that the complaint is "based off of 42 U.S.C. § 1983." (Compl. at 1.) As noted, based on allegations in the complaint, the Court has presumed that plaintiff also intends to bring a claim under Title VII.

### A.  42 U.S.C. § 1983

Defendant contends that WMATA cannot be sued under § 1983 because WMATA possesses the sovereign immunity of each of its signatory states. (Def.'s Mem. at 2.) The Court agrees.

Section 1983 states that "[e]very person" who, under the color of state law, subjects another to the deprivation of any constitutional rights shall be liable to the injured party. 42 U.S.C. § 1983. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). WMATA is an interstate compact agency of the states of Maryland and Virginia as well as the District of Columbia, and these entities conferred upon WMATA sovereign immunity. *Morris v. WMATA*, 781 F.2d 218, 219-20 (D.C. Cir. 1986); *Lucero-Nelson v. WMATA*, 1 F. Supp. 2d 1, 6 (D.D.C. 1998). In light of the Supreme Court's decision in *Will*, WMATA's sovereign immunity means that the Authority cannot be sued under § 1983. *E.g.*, *James v. WMATA*, 649 F. Supp. 2d 424, 429 (D. Md. 2009) ("WMATA is not subject to claims arising under Section 1983 because it is not a 'person' for purposes of that statute."); *Plater v. Dist. of Columbia Dep't of Transp.*, 530 F. Supp. 2d 101, 104 (D.D.C. 2008) (dismissing § 1983 claim against WMATA because it "is not a 'person' under § 1983 and th[us] it retains sovereign immunity against suits brought under § 1983"); *Disability Rights Council of Greater Wash. v.*

*WMATA*, 239 F.R.D. 9, 20 (D.D.C. 2006) (dismissing § 1983 claim "as to WMATA because it is not a 'person' and therefore cannot be sued under the statute"); *Lucero-Nelson*, 1 F. Supp. 2d at 7 (dismissing § 1983 claim against WMATA because "as an arm of the state WMATA is not a 'person' within the meaning of the statute"). Accordingly, to the extent that plaintiff's complaint includes claims based on § 1983, these claims are dismissed.

### B. Title VII

The Court also concurs with defendant's argument that to the extent plaintiff brings claims under Title VII, these claims must also be dismissed for failure to exhaust administrative remedies. (Def.'s Mem. at 3.) Title VII requires that an employee exhaust her administrative remedies by filing a claim with the EEOC prior to filing suit in the district court. 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) ("Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge."). "Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself." *Park*, 71 F.3d at 907. "Although it is true that the administrative charge requirement should not be construed to place a heavy technical burden on 'individuals untrained in negotiating procedural labyrinths,'" *id.* (quoting *Loe v. Heckler,* 768 F.2d 409, 417 (D.C. Cir. 1985)), "it is also true that 'the requirement of some specificity in a charge is not a mere technicality.'" *Id.* (quoting *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1111 (7th Cir. 1992)).

Here, plaintiff has not provided the Court with a "right-to-sue" letter from the EEOC, nor does her complaint contain any indication that she ever contacted or filed a complaint with the EEOC, much less within the time period contemplated by the statute. *See* 42 U.S.C. § 2000e-

5(e)(1).  In her response to WMATA's motion to dismiss, Ms. Headen maintains that the

October 13, 2006 letter attached to her June 10, 2010 filing "was all that WMATA would share

with the plaintiff regarding the situation at hand."  (Pl.'s Resp. to Dismissal at 2.)  She then states

that she "followed up several times with all departments within WMATA so she could file her

complaint before exhausting her time with [EEOC] yet, WMATA continued to allude [sic] her

request."  (*Id.*)  However, she does not state that she approached EEOC about bringing charges

against WMATA, nor does she allege that she was unaware of her obligation to contact EEOC in

order to initiate a complaint against WMATA.  *Cf. Harris v. Gonzales,* 488 F.3d 442, 445 (D.C.

Cir. 2007) (reversing dismissal of Title VII claim where plaintiff contacted EEOC counselor

after 45-day limit, alleging that she lacked constructive notice of 45-day requirement).  And,

plaintiff's claim that WMATA told her that "she must take her concerns to the management

within the department she worked" (Pl.'s Resp. to Dismissal at 2) is insufficient to relieve her of

her obligation to file a complaint with EEOC, because "WMATA's internal procedures offer a

separate forum for pursuing discrimination complaints, which does not displace . . .  Title VII

filing requirements."  *Washington v. WMATA*, 160 F.3d 750, 753 (D.C. Cir. 1998) (even where

WMATA "touted its internal procedure as the appropriate forum for resolving discrimination

complaints," plaintiff was not entitled to equitable tolling because he "demonstrated no

affirmative misconduct on the part of WMATA," nor did he show "that WMATA's decision

letter disposing of his claim was misleading").

Nearly four years have passed since the first events alleged in plaintiff's complaint, and

over two years have passed since plaintiff's termination.  There is no indication that plaintiff

sought to contact EEOC or file a complaint during that time.  The Court concludes that plaintiff's

failure to comply with Title VII's procedures and deadlines deprives this Court of jurisdiction of

her claims under that statute.

## III.    STATE LAW CLAIMS

Defendant seeks dismissal of plaintiff's entire case on the grounds that her § 1983 and Title VII claims are invalid. (Def.'s Mem. at 4.) However, the complaint also appears to contain[3] three state law claims in addition to claims under Title VII and § 1983: defamation, wrongful termination, and intentional infliction of emotional distress.[4] (Compl. at 6-7.) Because plaintiff's complaint lists an address in North Carolina and WMATA is based in the District of Columbia, there is diversity between the parties. (*Id.* at 1.) Moreover, plaintiff seeks damages in excess of $75,000 for defamation, emotional distress, and wrongful termination. (*Id.* at 6-7 (seeking $300,000 in damages for defamation and $100,000 in damages for emotional distress and wrongful termination each).) Accordingly, the Court arguably has jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1332. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

---

[3] The complaint is not organized in a traditional format so it is difficult to understand what claims plaintiff seeks to bring and which allegations support them. However, plaintiff's complaint is entitled to a liberal construction, as she is proceeding *pro se*. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Plaintiff states that part of the "relief" she seeks is "defamation of character," "wrongful termination," and "emotional distress." (Compl. at 6.) The Court presumes that she invokes these terms in an effort to state separate claims and will interpret this part of the complaint accordingly.

[4] "Title VII provides the exclusive remedy for federal employees asserting discrimination claims." *Ray v. Reich*, No. 93-5294, 1994 WL 148105, at *1 (D.C. Cir. Apr. 13, 1994) (affirming dismissal of claims for intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing where related Title VII claims were also dismissed); *see also Brown v. GSA*, 425 U.S. 820, 834-35 (1976). However, WMATA is not a federal employer. *WMATA v. Norair Eng'ring Corp.,* 553 F.2d 233, 235 (D.C. Cir. 1977) ("WMATA is not an agency of the United States Government."); *see also Morris v. WMATA*, 583 F. Supp. 1522, 1522 n.2 (D.D.C. 1984) ("The Court finds that *WMATA* is not a federal employer."). Theoretically, then, a plaintiff is not limited exclusively to Title VII in bringing employment discrimination claims against WMATA. *See*, *e.g.*, *Richard v. Bell Atl. Corp.*, 946 F. Supp. 54, 75 (D.D.C. 1996) (intentional infliction of emotional distress claim not subsumed by Title VII because plaintiffs were not federal employees).

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").)

Despite the applicability of diversity jurisdiction in this case, however, the Court finds that plaintiff has failed to state claims of defamation, wrongful termination, and intentional infliction of emotional distress against defendant. District of Columbia Code expressly states that WMATA "shall not be liable for any torts occurring in the performance of a governmental function." D.C. Code. § 9-1107.01. The D.C. Circuit has held that this sovereign immunity extends to WMATA's "discretionary" activities involving "choice or judgment." *Burkhart v. WMATA*, 112 F.3d 1207, 1216-17 (D.C. Cir. 1997). Applying that standard, the D.C. Circuit held that "decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review." *Id.* at 1217 ("The hiring, training, and supervision choices that WMATA faces are choices 'susceptible to policy judgment.'") (internal quotations omitted); *see also Beebe v. WMATA*, 129 F.3d 1283, 1287-88 (D.C. Cir. 1997) (affirming dismissal of intentional tort claims against WMATA where challenged actions involved personnel decisions). Here, no matter how Ms. Headen's claims are construed, they involve only her treatment as a WMATA employee and her termination from WMATA employment. (Compl. at 1-5.) Because WMATA is not liable for torts concerning personnel decisions, plaintiff has failed to state claims against defendant, and these counts must also be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court will grant defendant's motion to dismiss the above-captioned case.  A separate Order accompanies this Memorandum Opinion.

                                    _____/s/_____
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE:  September 24, 2010